UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NORTHEASTERN DIVISION

| | |
|---|---|
| AMY HOOD, | ) |
| | ) |
| Plaintiff, | ) Case No. 2:15-cv-00070 |
| | ) Judge Sharp |
| v. | ) |
| | ) |
| CAROLYN W. COLVIN | ) |
| Acting Commissioner of | ) |
| Social Security, | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM

Pending before the Court is Plaintiff's *Motion for Judgment on the Administrative Record* (Docket Entry No. 14). The motion has been fully briefed by the parties.

Plaintiff filed this action pursuant to 42 U.S.C. § 405(g) to obtain judicial review of the final decision of the Commissioner of Social Security ("Commissioner") denying Plaintiff's claim for Supplemental Security Income ("SSI"), as provided by the Social Security Act ("the Act"). Upon review of the administrative record as a whole and consideration of the parties' filings, the Court finds that the Commissioner's determination that Plaintiff is not disabled under the Act is supported by substantial evidence in the record as required by 42 U.S.C. § 405(g). Plaintiff's motion will be denied.

## I. INTRODUCTION

Plaintiff filed an application for SSI on February 14, 2012, alleging a disability onset date of July 29, 2009. Plaintiff had an initial hearing before an Administrative Law Judge ("ALJ") on January 16, 2014. The ALJ signed a Notice of Decision-Unfavorable, which was mailed to Plaintiff of June 9, 2014. Plaintiff timely filed an appeal with the Appeals Council, which issued

a written notice of denial on September 21, 2015, thereby making the ALJ's decision the final decision of the Commissioner. This civil action was thereafter timely filed, and the Court has jurisdiction. 42 U.S.C. § 405(g).

## II. THE ALJ FIDNINGS

The ALJ issued an unfavorable decision on June 9, 2014. (AR pp. 13-23). Based upon the record, the ALJ made the following enumerated findings:

1. The claimant has not engaged in substantial gainful activity since February 14, 2012, the application date (20 CFR 416.971 *et seq*.).

2. The claimant has the following severed impairments: lumbar pain, cervical pain, chronic obstructive pulmonary disease; depression; personality disorder; anxiety disorder; and borderline intellectual functioning (20 CFR 416.920(c)).

3. The claimant does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 416.920(d), 416.925 and 416.926).

4. After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform light work as defined in 20 CFR 416.967(b). The claimant could perform simple, repetitive non-detailed tasks where coworker and public contact is casual and superficial. Supervision is direct and non-confrontational. Changes in the work environment should be infrequent and gradually introduced and the claimant would be unable to meet fast-paced high production standards.

5. The claimant has no past relevant work (20 CFR 416.965).

6. The claimant was born on February 1, 1969 and was 43 years old, which is defined as a younger individual age 18-49, on the date the application was filed (20 CFR 416.963).

7. The claimant has a limited education and is able to communicate in English (20 CFR 416.964).

8. Transferability of job skills is not an issue because the claimant does not have past relevant work (20 CFR 416.968).

9. Considering the claimants age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that the claimant can perform (20 CFR 416.969 and 416.969(a)).

10. The claimant has not been under a disability, as defined in the Social Security Act, since February 14, 2012, the date the application was filed (20 CFR 416.920 (g)).

(AR pp. 16-23).

## III. REVIEW OF THE RECORD

The following summary of the evidence of record is taken from Plaintiff's brief, Docket Entry No. 14-1 at pp. 2-3 (emphasis in original):

> Ms. Hood is an almost 45-year old with a long history of back pain with radiculopathy. She has completed the 10th grade, and has no further vocational training. She has no past relevant work history, having worked only for a short time as a housekeeper at a motel and a waitress in the remote past.
>
> Basically, Ms. Hood has chronic low back pain with radiculopathy and pain into her hips **bilaterally with decreased lumbar range of motion and muscle spasms/tenderness in the low back.** She has [sic] an MRI of the lumbar spine on July 8, 2009, which indicated **"a large focal disc protrusion to the left of midline at L5/S1 with probable impingement of the left S1 nerve root."** (Exhibit 8F). In addition, she has a history of neck and shoulder pain with a disc protrusion at C(2)-3. These findings result from a long history of spousal abuse from an ex-husband from whom she was finally awarded a divorce from in 2011. She has been essentially homeless since that time, either living with a relative or staying with a friend. She has been unable to seek medical treatment, except for occasionally with the local health department, but never with a primary care since her divorce left her with no income and uninsured.
>
> This lady has significant mental health issues as well, as evidenced by her June 4, 2012 exam with Stephen Hardison/Carolyn Valerio (Exhibit 3F), who noted that she had **moderate limitations in concentration, and attention for appropriate periods of time as well as moderate limits in social and other interactions as she was withdrawn and irritable.** She was also noted to need assistance with managing money if approved, and we would advocate for a representative payee. In addition, she may need formal assessment of IQ, as she has several deficits noted in simple conversation. (While she has had a past history of substance abuse, she remains in remission, since leaving the abusive situation she was in with her marriage).
>
> At Exhibit 11F, the IQ and other testing performed by Stephen Hardison, indicates that Ms. Hood has a **valid (Noted to have been "cooperative and appeared to apply adequate effort"), Full Scale IQ of 69, which places her in the Mental Retardation range.** She also has the physical or other mental limitations imposing additional and significant work relates restrictions, as she was

3

determined in a previous decision in October 2010, (where no IQ tests results were available), to have lumbar and cervical pain (With a cervical disc protrusion after domestic violence incident), depressive disorder and personality and anxiety disorder. She has significant vocational limitations, including no lifting over 20 lbs. occasionally/10 lbs. frequently and has additional sit/stand/walk restrictions, as well as an inability to perform production or other such jobs and is limited to less than a full range of light work per the previous decision.

## IV. DISCUSSION AND CONCLUSIONS OF LAW

### A. Standard of Review

The determination of disability under the Act is an administrative decision. The only questions before this Court are: (i) whether the decision of the Commissioner is supported by substantial evidence; and (ii) whether the Commissioner made any legal errors in the process of reaching the decision. 42 U.S.C. § 405(g). *See Richardson v. Perales*, 402 U.S. 389, 401, 91 S. Ct. 1420, 28 L. Ed. 2d 842 (1971) (adopting and defining substantial evidence standard in context of Social Security cases); *Kyle v. Comm'r Soc. Sec.*, 609 F.3d 847, 854 (6th Cir. 2010); *Landsaw v. Sec'y of Health & Human Servs.*, 803 F.2d 211, 213 (6th Cir. 1986).

Substantial evidence has been defined as "more than a mere scintilla" and "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson*, 402 U.S. at 401 (quoting *Consol. Edison Co. v. NLRB*, 305 U.S. 197, 229, 59 S. Ct. 206, 83 L. Ed. 126 (1938)); *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 241 (6th Cir. 2007). The Commissioner's decision must be affirmed if it is supported by substantial evidence, "even if there is substantial evidence in the record that would have supported an opposite conclusion." *Blakely v. Comm'r of Soc. Sec.*, 581 F.3d 399, 406 (6th Cir. 2009) (quoting *Key v. Callahan*, 109 F.3d 270, 273 (6th Cir. 1997)); *Jones v. Comm'r of Soc. Sec.*, 336 F.3d 469, 477 (6th Cir. 2003); *Her v. Comm'r of Soc. Sec.*, 203 F.3d 388, 389-90 (6th Cir. 1999)).

The Court must examine the entire record to determine if the Commissioner's findings are supported by substantial evidence. *Jones v. Secretary*, 945 F.2d 1365, 1369 (6th Cir.1991). A reviewing court may not try the case *de novo*, resolve conflicts in evidence, or decide questions of credibility. *See Garner v. Heckler*, 745 F.2d 383, 387 (6th Cir. 1984) (citing *Myers v. Richardson*, 471 F.2d 1265, 1268 (6th Cir. 1972)). The Court must accept the ALJ's explicit findings and final determination unless the record as a whole is without substantial evidence to support the ALJ's determination. 42 U.S.C. § 405(g). *See, e.g., Houston v. Sec'y of Health & Human Servs.*, 736 F.2d 365, 366 (6th Cir. 1984).

**B. Determining Disability at the Administrative Level**

The claimant has the ultimate burden of establishing her entitlement to benefits by proving her "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d) (1)(A). The asserted impairment(s) must be demonstrated by medically acceptable clinical and laboratory diagnostic techniques. *See* 42 U.S.C. §§ 423(d)(3) and 1382c(a)(3)(D); 20 CFR §§ 404.1512(a), (c), 404.1513(d). "Substantial gainful activity" not only includes previous work performed by the claimant, but also, considering the claimant's age, education, and work experience, any other relevant work that exists in the national economy in significant numbers regardless of whether such work exists in the immediate area in which the claimant lives, or whether a specific job vacancy exists, or whether the claimant would be hired if she applied. 42 U.S.C. § 423(d)(2)(A).

In the proceedings before the Social Security Administration, the Commissioner must employ a five-step, sequential evaluation process in considering the issue of the claimant's

alleged disability. *See Heston v. Comm'r of Soc. Sec.*, 245 F.3d 528, 534 (6th Cir. 2001); *Abbot v. Sullivan*, 905 F.2d 918, 923 (6th Cir. 1990). First, the claimant must show that she is not engaged in "substantial gainful activity" at the time disability benefits are sought. *Cruse v. Comm'r of Soc. Sec.*, 502 F.3d 532, 539 (6th Cir. 2007); 20 CFR §§ 404.1520(b), 416.920(b). Second, the claimant must show that she suffers from a severe impairment that meets the twelve month durational requirement. 20 CFR §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii). *See also Edwards v. Comm'r of Soc. Sec.*, 113 F. App'x 83, 85 (6th Cir. 2004). Third, if the claimant has satisfied the first two steps, the claimant is presumed disabled without further inquiry, regardless of age, education or work experience, if the impairment at issue either appears on the regulatory list of impairments that are of sufficient severity as to prevent any gainful employment or equals a listed impairment. *Combs v. Comm'r of Soc. Sec.*, 459 F.3d 640, 643 (6th Cir. 2006); 20 CFR §§ 404.1520(d), 416.920(d). A claimant is not required to show the existence of a listed impairment in order to be found disabled, but such a showing results in an automatic finding of disability that ends the inquiry. *See Combs, supra*; *Blankenship v. Bowen*, 874 F.2d 1116, 1122 (6th Cir. 1989).

If the claimant's impairment does not render her presumptively disabled, the fourth step evaluates the claimant's residual functional capacity in relationship to her past relevant work. *Combs, supra*. "Residual functional capacity" ("RFC") is defined as "the most [the claimant] can still do despite [her] limitations." 20 CFR § 404.1545(a)(1). In determining a claimant's RFC, for purposes of the analysis required at steps four and five, the ALJ is required to consider the combined effect of all the claimant's impairments, mental and physical, exertional and nonexertional, severe and nonsevere. *See* 42 U.S.C. §§ 423(d)(2)(B), (5)(B); *Foster v. Bowen*, 853 F.2d 483, 490 (6th Cir.1988). At the fourth step, the claimant has the burden of proving an

inability to perform past relevant work or proving that a particular past job should not be considered relevant. *Cruse*, 502 F.3d at 539; *Jones*, 336 F.3d at 474. If the claimant cannot satisfy the burden at the fourth step, disability benefits must be denied because the claimant is not disabled. *Combs, supra*.

If a claimant is not presumed disabled but shows that past relevant work cannot be performed, the burden of production shifts at step five to the Commissioner to show that the claimant, in light of the claimant's RFC, age, education, and work experience, can perform other substantial gainful employment and that such employment exists in significant numbers in the national economy. *Longworth v. Comm'r of Soc. Sec.*, 402 F.3d 591, 595 (6th Cir. 2005) (quoting *Walters v. Comm'r of Soc. Sec.*, 127 F.3d 525, 529 (6th Cir. 1997)). *See also Felisky v. Bowen*, 35 F.3d 1027, 1035 (6th Cir. 1994). In order to rebut a *prima facie* case, the Commissioner must come forward with proof of the existence of other jobs a claimant can perform. *Longworth*, 402 F.3d at 595. *See also Kirk v. Sec'y of Health & Human Servs.*, 667 F.2d 524, 528 (6th Cir. 1981), *cert. denied*, 461 U.S. 957, 103 S. Ct. 2428, 77 L. Ed. 2d 1315 (1983) (upholding the validity of the medical-vocational guidelines grid as a means for the Commissioner of carrying his burden under appropriate circumstances). Even if the claimant's impairments prevent the claimant from doing past relevant work, if other work exists in significant numbers in the national economy that the claimant can perform, the claimant is not disabled. *Rabbers v. Comm'r of Soc. Sec.*, 582 F.3d 647, 652 (6th Cir. 2009). *See also Tyra v. Sec'y of Health & Human Servs.*, 896 F.2d 1024, 1028-29 (6th Cir. 1990); *Farris v. Sec'y of Health & Human Servs.*, 773 F.2d 85, 88-89 (6th Cir. 1985); *Mowery v. Heckler*, 771 F.2d 966, 969-70 (6th Cir. 1985).

If the question of disability can be resolved at any point in the five-step sequential evaluation process, the claim is not reviewed further. 20 CFR § 404.1520(a)(4). *See also Higgs v. Bowen*, 880 F.2d 860, 863 (6th Cir. 1988) (holding that resolution of a claim at step two of the evaluative process is appropriate in some circumstances).

### C. Plaintiff's Assertion of Error

Plaintiff argues that the ALJ erred by failing to find that (1) her spinal disorder meets Listing 1.04(A) in 20 CFR Part 404, Subpart P, Appendix 1; (2) her mental disorder meets Listing 12.04(3)(A) in 20 CFR Part 404, Subpart P. Appendix 1; and (3) improperly evaluated her residual functional capacity. (Docket Entry No. 14-1 at pp. 3-5). Plaintiff contends that the Commissioner's decision should be reversed, or in the alternative, remanded for further consideration. (*Id*. at 5).

Sentence four of 42 U.S.C. § 405(g) states as follows:

> The court shall have power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing.

42 U.S.C. §§ 405(g), 1383(c)(3). "In cases where there is an adequate record, the [Commissioner's] decision denying benefits can be reversed and benefits awarded if the decision is clearly erroneous, proof of disability is overwhelming, or proof of disability is strong and evidence to the contrary is lacking." *Mowery v. Heckler*, 771 F.2d 966, 973 (6th Cir. 1985). Additionally, a court can reverse the decision and immediately award benefits if all essential factual issues have been resolved and the record adequately establishes a claimant's entitlement to benefits. *Faucher v. Secretary*, 17 F.3d 171, 176 (6th Cir. 1994). *See also Newkirk v. Shalala*, 25 F.3d 316, 318 (1994). Plaintiff's assertion of error is addressed below.

*1. The ALJ's Consideration of Listing 1.04*

Plaintiff argues that the ALJ erred by failing to find that her impairments would meet or medically equal Listing 1.04(A), found in 20 C.F.R. Part 404, Subpart P, Appendix 1. Plaintiff asserts the evidence "shows that Ms. Hood satisfies all of the criteria of Listing 1.04(a) as she has a spinal disorder at several levels as shown by her objective and subjective findings." (Docket Entry No. 14-1 at 3). Plaintiff contends,

> she meets or equals **Listing 1.04(A)**, regarding disorders of the spine, as she has disc protrusions, especially at L5/S1 that cause nerve root compression in the proper L5/S1 distribution into the hips along with decreased lumbar range of motion, tenderness, and muscle weakness. She also suffers from leg pain (radiculopathy) that have caused such <u>inability to ambulate effectively with a history of falls</u> and these findings have been documented by her physicians.

(*Id*. at pp. 3-4) (emphasis in original).

In order for Plaintiff to meet the criteria of Listing 1.04(A), she must show that she has a disorder of the spine (*i.e.,* degenerative disc disease) with:

> Evidence of nerve root compression characterized by neuro-anatomic distribution of pain, limitation of motion of the spine, motor loss (atrophy with associated muscle weakness or muscle weakness) accompanied by sensory or reflex loss and, if there is involvement of the lower back, positive straight-leg raising test (sitting and supine).

20 C.F.R. Pt. 404, Subpt. P., App. 1, Listing 1.04(A). It is well-settled that to "meet" a Listing, a claimant's impairments must satisfy each and every element of the Listing. *See Sullivan v. Zebley,* 493 U.S. 521, 530, 110 S.Ct. 885, 107 L.Ed.2d 967 (1990) ("For a claimant to show that his impairment matches a listing, it must meet *all* of the specified medical criteria. An impairment that manifests only some of those criteria, no matter how severely, does not qualify."); *Blanton v. Soc. Sec. Admin.,* 118 F. App'x 3, 6 (6th Cir. 2004) ("When all the requirements for a listed impairment are not present, the Commissioner properly determines that the claimant does not meet the listing.").

9

In making his finding, the ALJ gave consideration to Plaintiff's "(1) degenerative disc disease, (see 1.00 et seq. Musculoskeletal System) and (2) chronic obstructive pulmonary disease ([et seq.] 3.00 Respiratory System)." Despite the combined impairments, the ALJ found that "no acceptable medical source has mentioned findings equivalent in severity to the criteria of any listed impairment, individually or in combination." (AR at pp. 4-5). The ALJ ultimately relied on the reports of the examining physicians to find that Plaintiff did not meet Listing 1.04(A). If the ALJ's findings are supported by substantial evidence in the record, his decision is conclusive and must be affirmed. *Warner v. Comm. Of Soc. Sec.*, 375 F.3d 387, 390 (6th Cir. 2004). The Court therefore finds that substantial evidence supports the ALJ's determination that Plaintiff's condition does not meet Listing 1.04.

2. *The ALJ's Consideration of Listing 12.04*

Plaintiff further claims that her mental disorder meets or equals Listing 12.04, and that the ALJ erred in failing to find such conclusion. Defendant counters,

> The ALJ properly considered the record as a whole and found that Plaintiff did not have at least two marked limitations in her activities of daily living, maintaining social functioning, or maintaining concentration, persistence, or pace; or repeated episodes of decompensation, each of extended duration (Tr. 17-18). The ALJ found that Plaintiff had moderate limitations in her activities of daily living, maintaining social functioning, and maintaining concentration, persistence, or pace (Tr. 17). She had no episodes of decompensation (Tr. 18). As discussed below in more detail, the ALJ properly found Plaintiff's allegations inconsistent with the record (Tr. 17-22). In doing so, the ALJ properly considered the medical opinions, Plaintiff's conservative medical treatment, and the medical evidence (Tr. 17-22). As Plaintiff's limitations did not rise to marked limitations in two domains, the ALJ properly found that Plaintiff did not meet or equal Listing 12.04 (Tr. 17).

(Docket Entry No. 15 at 7-8).

In order to meet Listing 12.04, Plaintiff must demonstrate an affective disorder characterized by a disturbance of mood, accompanied by a full or partial manic or depressive syndrome. *See* 20 C.F.R. pt. 404, subpt. P, app. 1, § 12.04. Plaintiff must show:

> A. Medically documented persistence, either continuous or intermittent, of one of the following:
>
> > 1. Depressive syndrome characterized by at least four of the following:
> >     a. Anhedonia or pervasive loss of interest in almost all activities; or
> >     b. Appetite disturbance with change in weight; or
> >     c. Sleep disturbance; or
> >     d. Psychomotor agitation or retardation; or
> >     e. Decreased energy; or
> >     f. Feelings of guilt or worthlessness; or
> >     g. Difficulty concentrating or thinking; or
> >     h. Thoughts of suicide; or
> >     i. Hallucinations, delusions, or paranoid thinking; or …; and
>
> B. Resulting in at least two of the following:
>
> > 1. Marked restriction of activities of daily living; or
> > 2. Marked difficulties in maintaining social functioning; or
> > 3. Marked difficulties in maintaining concentration, persistence, or pace; or
> > 4. Repeated episodes of decompensation, each of extended duration; …

According to the ALJ, Plaintiff's mental impairments, considered singly and in combination, do not meet or medically equal the criteria of Listing 12.04. Plaintiff bears the burden of proving that her impairments meet or equal a listed impairment. *Sullivan v. Zebley,* 493 U.S. 521, 530, 110 S.Ct. 885, 107 L.Ed.2d 967 (1990). To meet this burden, Plaintiff must put forth evidence establishing that she meets all of a listing's criteria. *Elam ex rel. Golay v. Comm'r of Soc. Sec.*, 348 F.3d 124, 125 (6th Cir. 2003) (citing 20 C.F.R. § 416.924(a). Plaintiff may also demonstrate disability by establishing that her 'impairments are equivalent to a listed impairment by presenting 'medical findings equal in severity to all the criteria for the one most similar listed impairment.'" *Foster v. Halter*, 279 F.3d 348, 355 (6th Cir. 2001) (quoting

*Sullivan*, 493 U.S. at 531). Regardless, "[t]his decision must be based solely on medical evidence supported by acceptable clinical and diagnostic techniques." *Land v. Sec'y of H.H.S.*, 814 F.2d 241, 245 (6th Cir. 1986) (citing 20 C.F.R. § 404.1526(b)). Here, Plaintiff has not met her burden of establishing that her mental impairments meet or are medically equal to a listed impairment.

Plaintiff further suggests that the ALJ improperly interpreted the opinion of Stephen Hardison, M.A. (Docket Entry No. 14-1 at 4). Plaintiff argues that "[w]hile Mr. Harbison noted that her anxiety was a factor in her test results, . . . his assumption that she "may possibly" be capable of functioning in the borderline range is not enough of an endorsement to have any weight, as her scores in both the IQ and the WRAT-IV tests, indicate that she is functionally illiterate, with very limited reading and arithmetic skills, which will further erode the base of work that she is already limited to." (Docket Entry No. 14-1 at 4).

According to the administrate record, Mr. Hardison specifically found that the test results show that Plaintiff was functionally "literate" (Tr. 448). Under the regulations and according to the medical sources, Plaintiff is literate. The ALJ properly evaluated Plaintiff's mental impairments under Listing 12.04 and found that she did not have marked limitations in two domains or repeated episodes of decompensation (Tr. 17). As stated *supra*, Plaintiff's mental impairments, considered singly and in combination, do not meet or medically equal the criteria of Listing 12.04. In sum, the Court finds no error in the ALJ's finding with regard to Listing 12.04.[1]

---

[1] Plaintiff does not argue on appeal that she met 20 C.F.R. pt. 404, subpt. P, app. 1, § 12.05(C), but did raise it before the ALJ. *See* (Tr. 17 and AR p. 5). Plaintiff's failure to present a developed argument that she meets or equals Listing 12.05 amounts to a waiver. *See McClellan v. Astrue*, 804 F.Supp.2d 678, 688 (E.D. Tenn. 2011) (arguments in social security appeal not raised or supported in more than a perfunctory manner may be deemed waived).

*3. The ALJ's Evaluation of the Residual Functional Capacity*

Here, Plaintiff argues that the ALJ erroneously accepted the findings of the non-examining and non-treating state agency physicians, and her physical and mental residual functional capacity ("RFC") was not supported by substantial evidence. (Docket Entry No. 14-1 at 4). Plaintiff further argues,

> These findings are not credible with regard to the claimant's ability to do work related activities, as these findings are not supported by the record as a whole. New evidence was submitted into the record since these non-examining and non-treating physicians rendered their opinions, **which obviously diminishes the probative value of their opinions, as these non-examining and non-treating physician[s] did not have the value of these medical records in forming their opinions, opinions which were relied on by the ALJ.** In addition, the Honorable ALJ did not reasonably explain the weight given to the state agency physicians under the substantial evidence standard.

(*Id*. at 4-5) (emphasis in original).

The ALJ found that Plaintiff "has the residual functional capacity to perform light work" as defined in 20 C.F.R. § 416.967(b). (AR at p 6). And furthermore, that "there are jobs that exist in significant numbers in the national economy that [Plaintiff] can perform" (20 C.F.R. 416.969 and 416.969(a)). (*Id*. at 10). In evaluating Plaintiff's RFC, the ALJ properly weighed the medical opinions in the record (Tr. 17, 20-21). Contrary to Plaintiff's assertion, the ALJ did properly consider the additional records (Tr. 434-39). The ALJ considered such factors as the medical opinions, the medical evidence, and Plaintiff's medical treatment – as well as Plaintiff's allegations to the extent they were found credible and her retained level of functioning as reflected by the evidence. (AR at p. 10). The ALJ's opinion is further supported by his observation and testimony received at the hearing held on January 16, 2014. (*Id*.). Moreover, the ALJ is not required to discuss all of the evidence submitted, and his failure to cite specific evidence does not indicate that is was not considered. *Daniels v. Comm'r of Soc. Sec.*, 152 F.

App'x 485, 489 (6th Cir. 2005) (internal citation omitted)). The Court finds that substantial evidence supports the ALJ's determination that Plaintiff has the residual functional capacity to perform light work, and there are jobs that exist in significant numbers in the national economy that she do.

## V. CONCLUSION

In sum, the Court concludes that the findings of the ALJ are supported by substantial evidence on the record as a whole, and are free from legal error. With such support, the ALJ's decision must stand, even if the record also contains substantial evidence that would support the opposite conclusion. *E.g., Longworth c. Comm'r of Soc. Sec.*, 402 F.3d 591, 595 (6th Cir. 2005).

For all of the reasons stated, the Court will deny Plaintiff's *Motion for Judgment on the Administrative Record* (Docket Entry No. 14).

An appropriate Order shall be entered.

_____
KEVIN H. SHARP
UNITED STATES DISTRICT JUDGE